UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Mark Aristo Ellis**, # 302484, | ) C/A No. 3:05-1077-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| **Raymond Fischer**, Public Defender for Georgetown County; | ) |
| **Benjamin Coakley**, Detective for City of Georgetown Police Department; | ) |
| **Alan Walters**, Sergeant for City of Georgetown Police Department; | ) |
| **Nelson Brown**, Captain for City of Georgetown Police Department; | ) |
| **Frankie Simmons**, Officer for City of Georgetown Police Department; | ) |
| **John Doe**, Officer for City of Georgetown Police Department; | ) |
| **Elise Crosby**, Deputy Solicitor for Georgetown County; | ) |
| **Gloria G. Henson**, Informant for City of Georgetown Police Department; | ) |
| **Timmothy Taylor**; and | ) |
| **City of Georgetown Police Department**, | ) |
| Defendants. | ) |

_____

# *Background of this Case*

The plaintiff is an inmate at the Allendale Correctional Institution of the

South Carolina Department of Corrections.  The "STATEMENT OF CLAIM"

Dockets.Justia.com

portion of the § 1983 complaint reveals that this civil rights action[1] arises out of the one of the plaintiff's criminal cases. The "lead" defendant, Raymond Fischer, is a Public Defender for Georgetown County. Defendant Elise Crosby is the Deputy Solicitor for Georgetown County. All other defendants — except Gloria "G" Henson — are officials or employees of the City of Georgetown Police Department. Although the complaint indicates that Ms. Henson was an informant for the City of Georgetown Police Department, it is not clear whether she was employed by the City of Georgetown Police Department.

Information on the South Carolina inmate database available on the LEXIS® service reveals that the plaintiff was convicted, in the Court of General Sessions for Georgetown County, of resisting arrest and assaulting an officer and was sentenced to three (3) years in prison:

> *** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***
> SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
> SOUTH CAROLINA INMATES
>
> Name: ELLIS, MARK
>
>                     * * *

---

[1]The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

2

***** SENTENCE INFORMATION *****

Inmate Number:  00302484
County of Conviction: GEORGETOWN
Location: ALLENDALE CORR INST
Offense: RESIST ARREST/ASSLT OFF.
Sentence Length: 3 YEARS
Sentence Total: 3 YEARS
Sentence Begin Date: 6/7/2004

(South Carolina Inmate Database on LEXIS® service, downloaded on April 12, 2005).[2]

At issue in the above-captioned case is a prior conviction, not the plaintiff's current conviction.  The plaintiff contends that the defendants violated his constitutional rights in connection with his 1999 conviction.  A search of records on the LEXIS® and WESTLAW® reveal that the plaintiff is challenging actions taken in connection with his conviction for murder, which was entered in the Court of General Sessions for Georgetown County in 1999. The conviction was reversed on direct appeal, Ellis v. State, 345 S.C. 175, 547 S.E.2d 490, 2001 S.C. LEXIS® 91 (2001), because a police officer (defendant Walters) was allowed to testify on the ultimate issue (the victim was on a bicycle when shot) as an expert in crime scene reconstruction.

---

[2]In accordance with the policy of the Judicial Conference's privacy policy, this quotation omits personal identifiers.

3

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act.  The review has also been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[3]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970

---

[3]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

(1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal district court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff's conviction was reversed by the Supreme Court of South Carolina on May 29, 2001, the holding in <u>Heck v. Humphrey</u>, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994), is not applicable. *See also* <u>Woods v. Candela</u>, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.), *cert. denied*, <u>Candela v. Woods</u>, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); <u>Treece v. Village of Naperville</u>, 903 F. Supp. 1251 (N.D.Ill. 1995); <u>Seaton v. Kato</u>, 1995 U.S. Dist.

LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996). Even though Heck v. Humphrey does not bar the above-captioned case, it is still subject to summary dismissal.

Deputy Solicitor Elise Crosby has absolute prosecutorial immunity insofar as her actions in the plaintiff's criminal case are concerned. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Solicitors are elected by voters of a judicial circuit. Prosecutors, such as defendant Crosby, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See* Buckley v. Fitzsimmons, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606, 1993 U.S. LEXIS® 4400 (1993); Burns v. Reed, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934, 1991 U.S. LEXIS® 3018 (1991); and Dababnah v. Keller-

Burnside, 208 F.3d 467, 2000 U.S.App. LEXIS® 6114 (4th Cir. 2000).

Moreover, prosecutorial immunity will extend to the direct appeal and the post-

conviction case.  *See* Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976),

where the Court concluded that an attorney representing a government in a

habeas corpus or post-conviction case has absolute prosecutorial immunity;

and Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979)(prosecutorial

immunity extends to appeals).  *Cf.* Lowe v. Letsinger, 772 F.2d 308, 314-315

& n. 7 (7th Cir. 1985); and Houston v. Partee, 978 F.2d 362, 365-369 & nn. 3-

4, 1992 U.S.App. LEXIS® 27825 (7th Cir. 1992), *cert. denied*, Partee v.

Houston, 507 U.S. 1005, 123 L.Ed.2d 269, 113 S.Ct. 1647, 1993 U.S. LEXIS®

2453 (1993).

Raymond Fischer, the plaintiff's Public Defender, has not acted under

color of state law.  In order to state a cause of action under 42 U.S.C. § 1983,

a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a

federal right, and *(2)* did so under color of state law.  *See* Gomez v. Toledo,

446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526

U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999).

An attorney, whether retained, court-appointed, or a public defender,

does not act under color of state law, which is a jurisdictional prerequisite for

any civil action brought under 42 U.S.C. § 1983. *See* Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982)(court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent

8

of the State.  Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).  Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment.  *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state.  The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself."  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).  In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action.  It is also well settled that "a private person does not act under color of state law simply because he invokes state authority."  Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, Campbell v. Brummett, 504 U.S. 965 (1992).[4]  *See also* Auster Oil & Gas Co., Inc. v. Stream, 764 F.2d 381, 388

---

[4]In this citation, there are variant spellings of the party known as Camble or Campbell.

9

(5th Cir. 1985); <u>American Mfr. Mut. Ins. Co. v. Sullivan</u>, <u>supra</u>, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf.* <u>Kreschollek v. Southern Stevedoring Co.</u>, 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in <u>Sullivan</u> to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).

With respect to Mr. Fischer's representation of the plaintiff, negligence and legal malpractice are not actionable under 42 U.S.C. § 1983. *See* <u>Daniels v. Williams</u>, 474 U.S. 327, 328-336 & n. 3 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-348 (1986); <u>Ruefly v. Landon</u>, 825 F.2d 792, 793-794 (4th Cir. 1987); and <u>Pink v. Lester</u>, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir. 1995)(applying <u>Daniels v. Williams</u> and <u>Ruefly v. Landon</u>: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Secondly, the civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under state law.  <u>DeShaney v. Winnebago County Department of Social Services</u>, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989).

Negligence and legal malpractice are causes of action under South Carolina law.  *See*, *e.g.*, Brown v. Theos, 345 S.C. 305, 550 S.E.2d. 304, 2001 S.C. LEXIS® 134 (2001), *affirming* 338 S.C. 305, 526 S.E.2d 232, 1999 S.C.App. LEXIS® 187 (S.C.Ct.App. 1999); Mitchell v. Holler, 311 S.C. 406, 429 S.E.2d 793, 1993 S.C. LEXIS® 71 (1993); and Yarborough v. Rogers, 306 S.C. 260, 411 S.E.2d 424, 1991 S.C. LEXIS® 218 (1991).  A civil action for negligence and legal malpractice would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied.  Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791, 1992 U.S.Dist. LEXIS® 21007 (D.S.C. 1992), *affirmed*, Cianbro Corporation v. Jeffcoat and Martin, 1993 U.S.App. LEXIS® 30,080 (4th Cir., November 22, 1993), 10 F.3d 806 [Table].  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.

11

*See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Although the plaintiff's complaint in the above-captioned case, in part, relates to actions taken by Mr. Fischer in his professional capacity, this court has no diversity jurisdiction under 28 U.S.C. § 1332 because the plaintiff and Mr. Fischer are citizens of the State of South Carolina. Hence, complete diversity of parties is absent in the case *sub judice*.

The officers and informant who testified at the plaintiff's trial in 1999 cannot be sued under 42 U.S.C. § 1983 for their testimony in the plaintiff's criminal case. In this judicial circuit, it is well settled that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law, which is a jurisdictional requirement for a § 1983 suit. Burke v. Miller, 580 F.2d 108, 109-110 & n. 3 (4th Cir. 1978), *cert. denied*, 440 U.S. 930 (1979). Moreover, all persons who testified in any judicial proceedings relating to the plaintiff's conviction have absolute immunity in an action for damages brought under 42 U.S.C. § 1983. *See* Briscoe v. LaHue, 460 U.S. 325, 327-346 (1983); and Lowman v. Town of Concord, 1995 U.S. Dist. LEXIS® 3041, 1995 WESTLAW® 108224 (W.D.N.Y., March 7, 1995)(collecting cases). *See also* Kincaid v. Eberle, 712 F.2d 1023 (7th Cir.)(police officer who testifies before a grand jury has

absolute immunity), *cert. denied*, 464 U.S. 1018 (1983).

The above-captioned case, whether treated as a diversity action or as a § 1983 civil rights action, is time barred under the statute of limitations. *See* § 15-3-530, South Carolina Code of Laws.  In 1988, the General Assembly changed the limitations period to three years for causes of action arising or accruing on or after April 5, 1988:

Within three years:

(1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;

(2) an action upon a liability created by statute other than a penalty or forfeiture;

(3) an action for trespass upon or damage to real property;

(4) an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property;

(5) an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545;

(6) an action under Sections 15-51-10 to 15-51-60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought;

(7) any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;

(8) an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding; and

(9) an action against directors or stockholders of a monied corporation or a banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized.

Section 15-3-530, South Carolina Code of Laws.

In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See* Wilson v. Garcia, 471 U.S. 261, 265-280 (1985)(in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at § 15-3-530, South Carolina Code of Laws (quoted above), which

establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Since the plaintiff is a prisoner, the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988), is applicable.  Hence, the plaintiff is deemed to have "filed" the complaint on April 4, 2005 when he delivered the pleadings to prison officials at the Allendale Correctional Institution for mailing.  Under Houston v. Lack, the filing date for limitations purposes is April 4, 2005.  The limitations period for the plaintiff to file suit expired on June 1, 2004, three (3) years after the Supreme Court of South Carolina reversed the plaintiff's conviction for murder.[5]

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading.  *See*, *e.g.*, United States v. Ward, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and American National Bank v. Federal Deposit Insurance Corporation, 710 F.2d 1528, 1537 (11th Cir. 1983).  Even so, the holding in Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses

---

[5]May 29, 2004, was a Saturday.  Also, the due date occurred during a "long" weekend (Memorial Day).  Memorial Day in 2004 fell on Monday, May 31, 2004.  Under Fed. R. Civ. P. 6, the last date to file a timely civil rights action or diversity action was Tuesday, June 1, 2004.

available to the defendant(s) in determining under § 1915 whether process should be issued against the defendant(s).  *See also* Rogers v. Isom, 709 F. Supp. 115, 117, 1989   U.S.Dist. LEXIS® 3521 (E.D.Va. 1989)("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), *citing* Todd v. Baskerville, supra; and Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984)("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding [sic] a complaint frivolous.")(citation omitted).

The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> * * *  Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

United States v. Newman, 405 F.2d 189, 200 (5th Cir. 1969)(citation omitted from quotation).[6]

---

[6]Although the plaintiff can file suit against Mr. Fischer in a Court of Common Pleas (such as the Court of Common Pleas for Georgetown County), which would have jurisdiction over a negligence or malpractice action filed by a resident of South Carolina against an attorney who practices law in South Carolina, Mr. Fischer will obviously be able to raise a statute of limitations defense to a negligence or legal malpractice action filed by the plaintiff.  *See*
(continued...)

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  Since Assistant Solicitor Crosby and Detective Alan Walters are immune from suit and the plaintiff seeks damages from them, this case is encompassed by 28 U.S.C. § 1915A(b)(2).  Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The plaintiff's attention is directed to the Notice on the next page.

---

(...continued)
Brown v. Theos, supra, 550 S.E.2d. at 305-307 (malpractice arising out of criminal case); and Epstein v. Brown, 2005 S.C. LEXIS® 90, 2005 WESTLAW® 645830 (Supreme Court of South Carolina, March 21, 2005)(malpractice arising out of civil case).

17

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

April 22, 2005
Columbia, South Carolina

<u>**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**</u>
<u>**&**</u>

The **Serious Consequences** of a Failure to Do So

     The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

     During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object"
> preserves no issue for review. * * * A district judge should not have to guess what arguments
> an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
